NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                                 :
                                                       :   Chapter 7
KERYN LYN DIZON                                        :
                                                       :   Case No. 09-15351(ALG)
                        Debtor.        :
------------------------------------------------------------x

**ORDER DENYING MOTION TO EXTEND THE TIME TO FILE A**
**COMPLAINT OBJECTING TO DISCHARGE. 11 U.S.C. 523(c).**

Before the Court is the motion by BPLY LLC, d/b/a THE GLOBE ("BPLY"), a creditor of Debtor Keryn Lyn Dizon ("Debtor"), to extend its time to file a complaint under 11 U.S.C. § 523(c) to object to the dischargeability of a debt.

There is no dispute that the motion is late. The Debtor filed for bankruptcy under Chapter 7 on September 1, 2009. The first date set for the meeting of creditors under 11 U.S.C. 341(a) was October 2, 2009. Therefore, under Bankruptcy Rule § 4007(c), the deadline for filing a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(c) or to request an extension to file such a complaint was December 1, 2009 (the "Deadline"). This was set out clearly in a notice to creditors, which was served on BPLY. See Docket No. 6, which contains, among other things, a notice that the "Deadline to File a Complaint … to Determine Dischargeability of Certain Debts" is December 1, 2009.[1]

The meeting of creditors was adjourned to November 20, 2009, but it was held on that date, still within the 60-day period. *See* Fed. R. Bankr. P. 4007(c). BPLY attended the meeting of creditors, at a time when it still could have timely filed a complaint or

---

[1] The notice explained the deadline and what is meant by "discharge" and warned, "The bankruptcy court must receive the complaint and any filing fee by that deadline."

requested additional time. It did not do so. Instead, on December 22, 2009, BPLY filed for an extension of the Deadline, stating that it would be equitable to grant its motion. At the hearing on this motion on January 12, 2010, counsel did not offer any reason for the lateness other than lack of familiarity with the Bankruptcy Rules.

Under Bankruptcy Rule 4007(c):

> [A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)…. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion **shall** be filed before the time has expired.

Fed. R. Bankr. P. 4007(c) (emphasis added). The mandatory character of Rule 4007(c) is underscored by Bankruptcy Rule 9006(b)(3), which provides that a court "may enlarge the time for taking action under Rules … 4007(c), … only to the extent and under the conditions stated in those rules." Fed. R. Bankr. P. 4006(b)(3). BPLY missed the Deadline set forth in Bankruptcy Rule 4007(c) and is bound by the mandatory language concerning filing an extension under the Bankruptcy Rules.

In support of its motion, BPLY cites *European Am. Bank v. Benedict (In re Benedict)*, 90 F.3d 50 (2d Cir. 1996), where the Second Circuit held that "Rule 4007(c) is not jurisdictional and thus is subject to waiver, estoppel, and equitable tolling" and may also be extended when a creditor has been affirmatively misled by the court as to the filing deadline. *Benedict*, 90 F.3d at 55-56. The Supreme Court's later decision in *Kontrick v. Ryan*, 540 U.S. 443 (2004), is to the same effect. However, BPLY has not demonstrated grounds for asserting waiver, estoppel or equitable tolling. Its only reason for lateness is lack of familiarity with the Bankruptcy Rules. This cannot be sufficient, or the exception would render the rule meaningless. Thus, cases in this Circuit since *Benedict* have drawn a hard line in enforcing Bankruptcy Rule 4007(c), even describing it

2

as "being 'set in stone.'" *Gattalaro v. Pulver (In re Pulver)*, 327 B.R. 125, 136 (Bankr. W.D.N.Y. 2005), *quoting In re Barnes*, 96 B.R. 833, 837 (Bankr.N.D.Ill.1989); *see also Yesh Diamonds, Inc. v. Yashaya (In re Yashaya)*, 403 B.R. 278 (Bankr. E.D.N.Y. 2009) (rejecting a filing that was one day late when none of the *Benedict* factors was present).

BPLY also refers in its papers to the fact that the U.S. Trustee timely obtained an order in this case extending her time to object to the Debtor's discharge under § 727 of the Bankruptcy Code. That does not help BPLY, as the grounds for objecting to discharge are quite different from those of an objection to the discharge of a debt. *Compare* Bankruptcy Code §§ 727 *and* 523.

BPLY's motion to extend the time for filing a complaint to determine the dischargeability of a debt is denied.

**IT IS SO ORDERED.**


Dated: New York, New York
       March 12, 2010

                                    */s/ Allan L. Gropper*
                                    UNITED STATES BANKRUPTCY JUDGE